UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA, Plaintiff,     Case No. 14-CR-00212-01 WHO

v.

<u>GEORGE MOORE</u>, Defendant.

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court on June 6, 2014, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Defendant Moore was present, represented by his attorney AFPD Rita B. Bosworth. The United States was represented by Assistant U.S. Attorney Frank Riebli. Moore is charged by indictment with violating: 18 U.S.C. § 922(g)(1), felon in possession of a firearm; and 21 U.S.C. §§ 846 and 841, conspiracy and possession with intent to distribute controlled substance (cocaine). The defendant is presumed innocent of the charges and has entered a not guilty plea.

The detention hearing was held publicly. Both parties were advised of their opportunity to call witnesses and to present evidence. Both parties were advised of their right to appeal this detention order to the District Court.

**Part I.  Presumptions Applicable**

/ / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

/ X/ There is probable cause based upon the indictment to believe that the defendant has committed an offense

    A.   <u> X </u>   for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR

    B.   <u>   </u>   under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

/ /  No presumption applies.

**PART II.  REBUTTAL OF PRESUMPTIONS, IF APPLICABLE**

/X /  The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.

/ /  The defendant has come forward with evidence to rebut the applicable presumption[s] to wit:  .

Thus, the burden of proof shifts back to the United States.

**PART III.  PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)** N/A

**PART IV.  WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

/ X /  The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: The Court adopts the facts set forth in the Pretrial Services (PTS) Report prepared June 3, 2014, supplemented by information presented at the hearing.  The Court agrees with the recommendation by PTS of detention, finding that the defendant poses a significant danger to the community and the danger may not reasonably be mitigated by release conditions.  The following factors establish the community danger by more than clear and convincing evidence: criminal record dating back to age 16, numerous parole and probation violations, misdemeanor and felony convictions for offenses similar to the conduct charged in this case, including 2007 convictions for felon in possession of firearm and possession of assault weapon, and significant substance abuse issues.  As to risk of non-appearance, the Court has concerns arising from defendant's criminal history, but finds that those concerns could be addressed by a combination of strict release conditions should viable sureties be identified.
///

**Part V.  Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:   June 30, 2014

_____
NATHANAEL COUSINS
United States Magistrate Judge

AUSA \_\_\_, ATTY \_\_\_\_\_, PTS \_\_\_\_